

June 19, 2026

**VIA ECF**
Hon. Vera M. Scanlon
Chief United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:   ***Roosevelt Road Re, Ltd., et al. v. Wingate, Russotti, Shapiro, Moses & Halperin, LLP, et al.***
> **Case No.: 1:24-cv-06259-NCM-VMS**

Dear Judge Scanlon:

Pursuant to Rule III.b. of Your Honor's Individual Rules, Defendant CitiMedical I, PLLC ("CitiMed") respectfully moves to disqualify Plaintiffs' counsel, The Willis Law Group PLLC and its attorneys, including, but not limited to, Alex D. Corey, Esq. (collectively, "Willis"), from representing Plaintiffs in this action, and for related relief.

## I.   Relevant Facts

This motion arises from a same-case former-client conflict in this RICO/fraud action. Until May 22, 2026, Mr. Corey was an O'Hagan Meyer attorney who performed substantive legal work concerning CitiMed and this action. Del Cid Decl. ¶¶ 4–12. Although he did not file a notice of appearance, he had access to CitiMed's case file materials, attorney-client privileged communications, work product, litigation strategy, defense assessments, discovery strategy, settlement-related assessments, client communications, common-interest and joint-defense communications and materials, and other confidential and protected information. Id. ¶¶ 6–9.

Mr. Corey provided internal legal advice and strategic input concerning this action, including communications with O'Hagan Meyer attorneys concerning CitiMed's litigation strategy, motion practice, defense posture, risk assessment, Plaintiff's counsel, case-resolution issues, and related defense issues. Id. ¶ 10. He also discussed this action with O'Hagan Meyer attorneys during internal telephone calls and meetings. Id. ¶ 11. Mr. Corey further communicated directly with CitiMed and/or CitiMed's representatives concerning CitiMed matters, including communications providing legal advice, strategic guidance, recommendations, and/or litigation-related analysis concerning CitiMed's defense and case-resolution issues. Id. ¶¶ 12–17 & Ex. A.

Exhibit A is submitted in redacted form only to show, without disclosing privileged substance, that Mr. Corey was substantively involved in CitiMed matters, had access to privileged and protected information concerning this action, and communicated with O'Hagan Meyer attorneys, CitiMed, and/or CitiMed's representatives concerning this action and related CitiMed matters. Id. ¶¶ 13–17. CitiMed does not waive, and expressly preserves, attorney-client privilege, work-product protection, common-interest protection, joint-defense protection, and all other applicable protections. Id. ¶ 16.

The conflict is heightened because CitiMed's case file included common-interest, joint-defense, omnibus, and/or coordinated defense communications and materials shared among CitiMed, O'Hagan

Meyer, other defendants, and/or other defense counsel, such that Mr. Corey's access implicated not only CitiMed's privileged and protected information, but also common-interest and joint-defense materials concerning this multi-defendant action. Id. ¶¶ 7–9.

On May 29, 2026, Willis sent O'Hagan Meyer a "Notice Regarding Employment of Alexander Corey and Ethical Screening" concerning a separate CitiMed matter, *Union Mutual Fire Insurance Company v. CitiMed Complete Medical Care P.C.*, Case No. 1:24-cv-06111. Id. ¶ 21 & Ex. B. That *Union*-specific notice states that Mr. Corey joined Willis on May 26, 2026 as Senior Counsel, but CitiMed does not concede Willis's asserted timeline as complete or accurate, and O'Hagan Meyer has received no comparable written notice from Willis concerning Mr. Corey's employment, affiliation, screening, access restrictions, or non-participation in this *Roosevelt* action. Id. ¶¶ 21–24.

The timing remains unresolved. Willis publicly listed Mr. Corey as "Alex D. Corey — Senior Counsel" on May 26, 2026, but multiple searches for him on Willis's public Professionals page returned "No results" on May 29, 2026. Id. ¶¶ 29–33 & Exs. C–E. In related proceedings before Your Honor in *Greater New York Mutual Insurance Company v. Subin Associates, LLP, et al.*, No. 1:26-cv-00470-CBA-VMS, Willis later represented that Mr. Corey was terminated on the morning of June 2, 2026, approximately one hour before the *GNY* disqualification motion was filed, but Willis has not explained why he was allegedly terminated or how that asserted termination relates to his May 26 website listing, May 29 website disappearance, alleged screening, system access, or preservation issues. CitiMed does not concede the accuracy, completeness, or legal significance of Willis's asserted timeline.

Further, Ms. Kim states that, on May 18, 2026, while Mr. Corey was still employed by O'Hagan Meyer, she saw a LinkedIn notification stating in substance that Mr. Corey had started a new position at Willis. Del Cid Decl. ¶¶ 34–37 & Ex. F. Ms. Kim also states that, on May 7, 2026, around the time of Mr. Corey's departure from O'Hagan Meyer, Mr. Corey stated to her in substance that she should not work on RICO cases that come to O'Hagan Meyer because he would be on the other side and that he "would not be kind." Id. ¶ 38.

## II. Any Claimed Screen Does Not Cure the Conflict

Any claimed screen does not cure the conflict. Willis provided no *Roosevelt*-specific written notice identifying any screen, access restriction, conflict check, audit, file restriction, or non-participation measure concerning this action. Del Cid Decl. ¶ 24. The only notice provided to O'Hagan Meyer concerning CitiMed was specific to a different action and does not state when Willis first communicated with Mr. Corey about employment or affiliation, when any offer was made or accepted, whether any conflict check was performed before Mr. Corey joined Willis, or whether any screen was implemented before he joined Willis. Id. ¶¶ 21–26 & Ex. B. Nor does it attach any written screen, conflict-check materials, onboarding materials, access logs, document-management logs, billing-access logs, communications records, audit materials, forensic materials, or sworn statement from Mr. Corey or any Willis representative. Id. ¶ 26.

Nor does Mr. Corey's lack of docket appearance avoid disqualification. The relevant inquiry is not a docket-appearance or billable-hour audit. It is whether Mr. Corey represented or advised CitiMed on relating matters, whether the matters are the same or substantially related, and whether he had access or likely access to relevant privileged information. *Evans v. Artek Sys. Corp.*, 715 F.2d 788, 791 (2d Cir. 1983). He did. Del Cid Decl. ¶¶ 5–17 & Ex. A. He also had access to common-interest and joint-defense materials concerning this action. Id. ¶¶ 7–9, 28.

Willis may contend, as it has in related proceedings, that no confidential information was actually disclosed, that a screen was implemented, and that CitiMed must identify specific confidences. Those arguments do not resolve the conflict. CitiMed need not reveal privileged communications to prove the harm. Where matters are substantially related, "the movant is entitled to the benefit of an irrebuttable presumption that confidences were shared" because requiring the former client to identify the communications at issue would itself compromise the privilege. *United States v. Prevezon Holdings Ltd.*, 839 F.3d 227, 239–41 (2d Cir. 2016); *Emle Indus., Inc. v. Patentex, Inc.*, 478 F.2d 562, 571–72 (2d Cir. 1973); *Ullrich v. Hearst Corp.*, 809 F. Supp. 229, 233–34 (S.D.N.Y. 1992). The concern is not limited to overt disclosure. Confidential information may be used indirectly to shape discovery, witness selection, questioning, settlement posture, motion strategy, and litigation decisions. *Ullrich*, 809 F. Supp. at 235–36; *Prevezon*, 839 F.3d at 240–41.

## III.    Disqualification Is Required

Federal courts have inherent authority to disqualify counsel to preserve the integrity of the adversary process, especially where counsel is positioned to use privileged information obtained in a prior representation to the disadvantage of a former client. *Hempstead Video, Inc. v. Inc. Vill. of Valley Stream*, 409 F.3d 127, 132–33 (2d Cir. 2005); *Bd. of Educ. v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979). A successive-representation conflict exists where there was a prior attorney-client relationship, the prior and current matters are substantially related, and the attorney had access or likely access to relevant privileged information. *Evans*, 715 F.2d at 791; *Hempstead Video*, 409 F.3d at 133.

Those requirements are satisfied because the matters are the same action. Mr. Corey performed legal work concerning CitiMed and this action while at O'Hagan Meyer, and Willis represents Plaintiffs in this same action adverse to CitiMed. Del Cid Decl. ¶¶ 5–17 & Ex. A. CitiMed has not consented to Mr. Corey's participation, directly or indirectly, on Plaintiffs' side, has not consented to Willis's continued representation, and has not waived any privilege, confidentiality protection, conflict objection, or disqualification issue. Id. ¶¶ 18–20.

Disqualification is also consistent with New York Rule of Professional Conduct 1.9(a), which prohibits a lawyer who formerly represented a client in a matter from representing another person in the same or a substantially related matter where that person's interests are materially adverse to the former client's interests absent informed consent, confirmed in writing. Rule 1.9(c) separately prohibits the use or disclosure of former-client confidential information. The timing issues also implicate Rule 1.7(a)(2)'s personal-interest and material-limitation principles because the record does not establish when Willis first communicated with Mr. Corey, when any offer was made or accepted, or whether any conflict check or screen existed before his affiliation with Willis. Del Cid Decl. ¶¶ 21–38.

This is not an isolated issue. Related motions involving the same former O'Hagan Meyer attorney, the same Plaintiff-side firm, and similar side-switching conflicts have been filed in *GNY v. Subin*, No. 1:26-cv-00470-CBA-VMS, and *Union Mutual Fire Insurance Company v. CitiMed Complete Medical Care P.C.*, No. 1:24-cv-06111-NCM-VMS. This motion is based on separate *Roosevelt*-specific facts, including Mr. Corey's work for CitiMed in this action, his work on relating CitiMed matters, his privileged and protected access, his access to common-interest and joint-defense materials, his internal and client-facing communications concerning CitiMed matters, and the absence of any *Roosevelt*-specific notice from Willis. Del Cid Decl. ¶¶ 5–28 & Exs. A–B.

## IV.    Corey's Conflict Is Imputed to Willis

Mr. Corey's conflict should be imputed to Willis under New York Rule of Professional Conduct 1.10(a). Willis necessarily invokes screening under Rule 1.10(c)(2), but Willis has provided no *Roosevelt*-specific notice or record showing that any effective screen was timely implemented before Mr. Corey joined Willis, before he appeared on Willis's website, before any access or communications could have occurred, or before Willis knew or should have known of the conflict. Del Cid Decl. ¶¶ 21–33 & Exs. B–E.

"The Second Circuit has expressed consistent skepticism about screening as a remedy for conflicts of interest and declared that such procedures ultimately must be rejected if they are subject to doubt," disqualifying firms where a laterally associated lawyer had access to relevant confidences and the firm cannot show timely, effective safeguards, or the absence of an appearance of impropriety. *Filippi v. Elmont Union Free Sch. Dist. Bd. of Educ.*, 722 F. Supp. 2d 295, 306–09 (E.D.N.Y. 2010); *Marshall v. N.Y. Div. of State Police*, 952 F. Supp. 103, 110–12 (N.D.N.Y. 1997); *Blue Planet Software, Inc. v. Games Int'l, LLC*, 331 F. Supp. 2d 273, 278–79 (S.D.N.Y. 2004) (imputing conflict and rejecting screening where conflicted counsel had already been substantially involved, noting screening must be implemented from the outset or when the firm first receives notice of the conflict).

Imputation is reinforced by Rule 1.10(c)(3), which provides that screening will not prevent imputation in a litigation, arbitration, or other adjudicative proceeding where the newly associated lawyer substantially participated in the management and direction of the matter or had substantial decision-making responsibility in the matter on a continuous day-to-day basis. Mr. Corey's actual work, privileged access, common-interest and joint-defense access, internal strategy communications, and client-facing communications concerning CitiMed matters make Willis's asserted screen insufficient to cure the conflict. Del Cid Decl. ¶¶ 5–17, 28 & Ex. A.

## V.    Requested Relief

CitiMed raises this issue promptly based on recently discovered and developing facts concerning Mr. Corey's affiliation with Willis, his prior work concerning CitiMed in this action and on relating CitiMed matters, and Willis's lack of any *Roosevelt*-specific notice or screening record. This is not a tactical delay motion. It is a prompt request to protect CitiMed's privileged communications, work product, common-interest and joint-defense materials, defense strategy, and the integrity of the proceedings.

CitiMed respectfully requests an Order: (1) disqualifying Willis, including Mr. Corey, from representing Plaintiffs in this action; (2) directing that Mr. Corey not participate directly or indirectly in this action or any related matter adverse to CitiMed; (3) directing Willis not to discuss this action, CitiMed, CitiMed's defenses, common-interest or joint-defense materials, or related matters with Mr. Corey; (4) requiring Willis to disclose the timing of its communications with Mr. Corey, any offer or acceptance, any employment or affiliation, any screen, and whether Mr. Corey accessed or discussed materials concerning this action, CitiMed, or related matters; (5) requiring Willis and Mr. Corey to preserve all communications, ESI, access logs, metadata, billing records, conflict-check records, onboarding materials, screening materials, file-access records, device records, audit records, forensic-review materials, laptop-recovery materials, email-history materials, online-activity records, and related materials concerning Mr. Corey, Willis, CitiMed, any CitiMed matters, or this action; and (6) granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

Elizabeth Del Cid, Esq.
Arian Hashemi, Esq.
*Attorneys for Defendant,*
*CitiMedical I, PLLC*

cc: All counsel of record via ECF