**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

**ROOSEVELT ROAD RE, LTD.,** *et al.,*

                          **Plaintiffs,**           **Case No.**
                                              **1:24-cv-06259-NCM-VMS**

**v.**

**WINGATE, RUSSOTTI, SHAPIRO,**
**MOSES & HALPERIN, LLP,** *et al.*,

                          **Defendants.**

---

### PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION
### TO STAY PROCEEDINGS PENDING APPEAL

---

      **COME NOW,** Plaintiffs Roosevelt Road Re, Ltd. ("Roosevelt Road") and Tradesman Program Managers, LLC ("Tradesman") (collectively, "Plaintiffs"), who file this, their Joint Memorandum of Law in Support of Motion to Stay Proceedings Pending Appeal.

Dated: May 26, 2026

                         Respectfully submitted,

                         **THE WILLIS LAW GROUP, PLLC**

                   By: */s/ William J. Clay*
                         **WILLIAM J. CLAY**
                         **MICHAEL A. GRAVES**
                         **OLIVIA T. KNOTT**
                         **AARON E. MEYER**
                         1985 Forest Lane
                         Garland, Texas 75042
                         Telephone: 214-736-9433
                         Facsimile: 214-736-9994
                         Service Email: service@thewillislawgroup.com

                         ***ATTORNEYS FOR PLAINTIFFS***
                         ***ROOSEVELT ROAD RE, LTD., and***
                         ***TRADESMAN PROGRAM MANAGERS, LLC***

cc: All parties and counsel of record (electronic)

**TABLE OF CONTENTS**

I.      Preliminary Statement.................................................................................................. 1

II.     Factual Background ..................................................................................................... 1

III.    Argument and Authorities........................................................................................... 4

      A.   A stay furthers the private interests of Plaintiffs by mitigating the extreme risk of prejudice.......................................................................................................... 5

      B.   A stay would also serve Defendant's interests by avoiding unnecessary litigation and would not be unduly prejudicial........................................................ 7

      C.   A stay furthers the interest of the courts and the public interest. ............................. 8

      D.   The interests of persons not parties to the civil litigation. ....................................... 9

IV.     Conclusion ................................................................................................................. 10

WORD COUNT CERTIFICATION ......................................................................................11

## TABLE OF AUTHORITIES

**Cases**

*Allstate Ins. Co. v. Mun*,
   751 F.3d 94 (2d Cir. 2014) ................................................................................................ 9

*Bahl v. N.Y. Coll. of Osteopathic Med. of N.Y. Inst. of Tech.*,
   No. 14-CV-4020, 2018 U.S. Dist. LEXIS 171324 (E.D.N.Y. Sept. 28, 2018) ...................... 5, 9

*Camreta v. Greene,*
   563 U.S. 692 (2011) ........................................................................................................ 6

*Estate of Heiser v. Deutsche Bank Tr. Co. Ams.*,
   No. 11-CV-1608 (AJN), 2012 U.S. Dist. LEXIS 150265 (S.D.N.Y. Oct. 17, 2012) ................. 8

*Fogarazzo v. Lehman Bros., Inc.*,
   263 F.R.D. 90 (S.D.N.Y. 2009) ......................................................................................... 8

*Fried v. Lehman Bros. Real Estate Assocs. III, L.P.*,
   No. 11-CV-4141, 2012 U.S. Dist. LEXIS 10340 (S.D.N.Y. Jan. 25, 2012) .......................... 5

*In re Literary Works in Elec. Databases Copyright Litig.*,
   No. 21 M 90, 2001 U.S. Dist. LEXIS 2047 (S.D.N.Y. Mar. 1, 2001) ................................... 5

*In re MPM Silicones, L.L.C.*,
   No. 15-cv-2280, 2017 U.S. Dist. LEXIS 162681(S.D.N.Y. Oct. 2, 2017) .............................. 8

*James v. Niagara-Wheatfield Cent. Sch. Dist.*,
   No. 21-CV-759, 2025 U.S. Dist. LEXIS 47181 (W.D.N.Y. Mar. 14, 2025) ............................ 9

*Kappel v. Comfort*,
   914 F. Supp. 1056 (S.D.N.Y. 1996) ........................................................................... passim

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936).......................................................................................................... 4

*LaSala v. Needham & Co., Inc.*,
   399 F. Supp. 2d 421 (S.D.N.Y. 2005) ............................................................................... 8

*Marshel v. AFW Fabric Corp.*,
   552 F.2d 471 (2d Cir. 1977) (per curiam) ...................................................................... 5, 8

*McCracken v. Verisma Sys.*,
   No. 6:14-cv-06248(MAT), 2018 U.S. Dist. LEXIS 152008 (W.D.N.Y. Sep. 6, 2018) ......... 7, 9

*Perl v. Meher*,
   2011 NY Slip Op 8452, 18 N.Y.3d 208, 960 N.E.2d 424, 936 N.Y.S.2d 655 (2011) .............. 10

*Roosevelt Rd. Re, Ltd. v. Hajjar*,
No. 24-CV-1549 (NG)(CHK), 2026 U.S. Dist. LEXIS 50451 (E.D.N.Y. 2026)....................4, 7

*Roosevelt Rd. Re, Ltd. v. Subin*,
2025 U.S. Dist. LEXIS 117080 (E.D.N.Y. June 19, 2025) ..........................................................2

*Roosevelt Rd. Re, Ltd. v. Subin*, No. 24-CV-05033 (HG),
2025 U.S. Dist. LEXIS 215995 (E.D.N.Y. Sep. 16, 2025) .......................................................2, 6

*Roosevelt Rd. Re, Ltd. v. William Schwitzer & Assocs., P.C.*,
No. 25-cv-3386 (BMC), 2026 U.S. Dist. LEXIS 33139 (E.D.N.Y. 2026) ...........................4, 7

*Roosevelt Road Re, Ltd v. Subin*,
No. 25-2560 (2d Cir.)................................................................................................... passim

*Rotella v. Wood*,
528 U.S. 549 (2000)................................................................................................................ 10

*Sylvester v. Southern Cross, LLC*,
No. 24-CV-1796, 2024 U.S. Dist. LEXIS 204533 (E.D.N.Y. Nov. 9, 2024)............................9

*Trikona Advisors Ltd. v. Chuang*,
No. 12-CV-3886, 2013 U.S. Dist. LEXIS 40382 (E.D.N.Y. Mar. 20, 2013) ........................5, 8

*Volmar Distribs., Inc.* v. *N.Y. Post Co.*,
152 F.R.D. 36 (S.D.N.Y. 1993) ...............................................................................................5

*Wing Shing Prod. (BVI) Ltd. v. Simatelex Manufactory Co.*,
No. 01-CV-1044 (RJH), 2005 U.S. Dist. LEXIS 6780 (S.D.N.Y. Apr. 19, 2005) .....................8

**Statutes**

18 U.S.C. Section 1962(c) ..................................................................................... passim

18 U.S.C. Section 1962(d) ..................................................................................... passim

U.S. DISTRICT COURTS FOR THE SOUTHERN AND EASTERN DISTRICTS OF N.Y., LOCAL CIVIL RULE
7.1....................................................................................................................................11

**Treatises**

18 J. MOORE, *et al.*, MOORE'S FED. PRAC. § 134.02[1][d] (3d ed. 2011).......................................6

Jon O. Newman, *REPORT: The Second Circuit's Expedited Appeals Calendar for Threshold
Dismissals,* 80 Brook. L. Rev., 432-33 (2015).........................................................................3

## I.    Preliminary Statement

Plaintiffs seek a stay of all proceedings in this matter pending the outcome of their appeal of a dismissal in a related matter, *Roosevelt Rd. Re, Ltd., et al. v. Herbert S. Subin, et al.*, E.D.N.Y. Case No. 1:24-CV-5033 (HG) ("*Subin*"). Defendants seek dismissal of this lawsuit on identical grounds and further argue that Plaintiffs are collaterally estopped from bringing this lawsuit in light of *Subin*. The *Subin* dismissal – and the exact grounds underlying both of Defendants' primary theories for dismissal in this lawsuit – is currently before the Second Circuit in an expedited appeal, and oral argument took place on May 19, 2026. Not only may the issue of Plaintiffs' RICO standing be dispositive, it is a matter of first impression, which the Second Circuit must resolve *de novo* because the *Subin* dismissal was based on a finding of futility.

A stay of these proceedings is therefore necessary to permit the Second Circuit to determine – as a matter of first impression – the fundamental question of whether Plaintiffs' injuries are sufficiently direct and cognizable to be actionable under RICO. A stay of the proceedings will also prevent additional waste of the parties' and Court's resources. Moreover, Plaintiffs are currently litigating several additional RICO lawsuits in this District that involve substantially similar but unrelated fraud schemes. A stay is necessary to minimize the possibility of conflicts between different courts likely deciding the same issue differently – Plaintiffs' RICO standing to bring such suits.

## II.    Factual Background

This lawsuit arises from damages suffered by Plaintiffs as a result of a years-long racketeering scheme implemented by Defendants that directed construction workers to stage worksite injuries, inflated the value of these claimants' cases by referring them for unnecessary medical procedures, and obtained money from Plaintiffs through fraudulent judgments,

1

settlements, and workers' compensation payments. As a result of Defendants' racketeering scheme, Plaintiffs brought this lawsuit asserting RICO claims for violations of 18 U.S.C. Section 1962(c) and (d), as well as various state law claims, including common law fraud. Plaintiffs' Second Amended Complaint (SAC) is their live pleading in this lawsuit [Doc. 138].

As Defendants have previously advised this Court, Plaintiffs are currently litigating several other RICO lawsuits against various law firms and medical providers for their participation in substantially similar but unrelated fraud schemes. On September 16, 2025, Judge Hector Gonzalez issued an order dismissing Plaintiffs Roosevelt's and Tradesman's ("*Subin* Plaintiffs") First Amended Complaint (the "*Subin* FAC") with prejudice in the *Subin* lawsuit on a single legal ground: *Subin* Plaintiffs allegedly failed to have "RICO standing" by not satisfying RICO's "direct-relationship requirement." *See Roosevelt Rd. Re, Ltd. v. Subin*, No. 24-CV-05033 (HG), 2025 U.S. Dist. LEXIS 215995, at *6 (E.D.N.Y. Sep. 16, 2025). In particular, Judge Gonzalez ruled *Subin* Plaintiffs' damages were not "first step" harms because they were "too attenuated" or "doubly contingent" upon harm to the construction employers (i.e., the insured) and their (primary) insurers. *Roosevelt Rd. Re, Ltd. v. Subin*, 2025 U.S. Dist. LEXIS 117080, at *12-13, 20 (E.D.N.Y. June 19, 2025). He further believed this was not an issue of "mere pleading deficiencies that [could] be fixed with additional facts but rather from Plaintiffs' commercial positions vis-à-vis Defendants," rendering them substantive (and thus making amendment futile). 2025 U.S. Dist. LEXIS 215995 at *6-7. Notably, Judge Gonzalez did not weigh the merits of *Subin* Plaintiffs' Second Amended Complaint (the "*Subin* SAC") after granting and then retroactively revoking leave to amend after the *Subin* SAC was filed. *See id.* at *12 n.6.

On October 17, 2025, *Subin* Plaintiffs appealed the *Subin* decision (the "*Subin* Appeal").[1]

---

[1] The Subin Appeal is docketed as *Roosevelt Road Re, Ltd v. Subin*, No. 25-2560 (2d Cir.).

*Subin* Plaintiffs challenged, *inter alia*, Judge Gonzalez's decision that they lack RICO standing. Because Judge Gonzalez's dismissal was based on futility of the *Subin* FAC, the Second Circuit's *de novo* review will necessarily require a determination of whether the *Subin* SAC sufficiently alleges RICO standing. The *Subin* Appeal, which is on the Second Circuit's expedited calendar, has been fully briefed, and oral argument took place before the Second Circuit on May 19, 2026. A decision should be issued soon.[2]

With respect to the issue of Plaintiffs' respective RICO standing, the SAC contains substantially similar allegations to those in the *Subin* SAC. For example, Plaintiffs' SAC alleges that Roosevelt financially functioned at all times as a primary carrier (rather than a traditional reinsurer) because, pursuant to its Quota Sharing Reinsurance Agreement ("QSRA"), Roosevelt is expressly and completely liable to pay all first-dollar losses that would otherwise be borne by a primary carrier, including settlements, payments pursuant to court order and all other costs, expenses and fees incurred in connection with the investigation or settlement or – as here – contesting the validity of claims [SAC ¶¶ 349-50]. The SAC further alleges that Roosevelt incurred expenses directly pursuant to its express obligations under the QSRA in contesting the validity of the claims through the investigation that led to this action as well as this and other similarly derived actions [*See id*]. Similarly, the SAC alleges that Plaintiff Tradesman serves as a management general agency that provides management and claim administration services to Roosevelt, including general liability and workers' compensation services from underwriting through claims handling and subsequent administrative and legal actions, specifically focusing on safety

---

[2] A survey of cases placed on the expedited appeals calendar indicates that, post-argument or post-submission, the Second Circuit ruled in less than thirty days in 75% of appeals affirmed and in 34% of appeals reversed or vacated at least in part. Jon O. Newman, *REPORT: The Second Circuit's Expedited Appeals Calendar for Threshold Dismissals,* 80 Brook. L. Rev., 432-33 (2015).

3

management and effective handling of claims within the construction industry [SAC ¶ 364]. It further alleges that Tradesman made substantial payments and sustained significant damage in direct connection with its management of the policies and administration of claims and lawsuits brought by, filed, and prosecuted by the Legal Service Defendants as part of the Fraud Scheme [SAC ¶ 365]. Such damages would not have been incurred but for defendants' initiating the claims in the first place.

Defendants seek dismissal of this lawsuit on identical grounds to those currently before the Second Circuit in the *Subin* Appeal – namely RICO standing [*See* LS Defs' Memo at 12-17 (Doc. 173-1); MP Defs' Memo at 5-15 (Doc. 203-1)]. Defendants also argue that the Court should dismiss Plaintiffs' SAC based on the doctrine of nonmutual collateral estoppel. What's more, since the *Subin* decision, the defendants in Plaintiffs' other RICO lawsuits have made the same arguments. Within the last few months, two courts in this District have reached opposite conclusions on whether the doctrine of collateral estoppel applies in light of the *Subin* decision.[3]

## III.    Argument and Authorities

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "When deciding whether to grant a stay like the one sought here, courts consider five factors:"

(1) the private interests of the plaintiffs in proceeding expeditiously with the civil

---

[3] *Compare Roosevelt Rd. Re, Ltd. v. William Schwitzer & Assocs., P.C.*, No. 25-cv-3386 (BMC), 2026 U.S. Dist. LEXIS 33139 (E.D.N.Y. 2026) [hereinafter, *Roosevelt v. Schwitzer*] (granting dismissal based solely on collateral estoppel), *with Roosevelt Rd. Re, Ltd. v. Hajjar*, No. 24-CV-1549 (NG)(CHK), 2026 U.S. Dist. LEXIS 50451 (E.D.N.Y. 2026) [hereinafter, *Roosevelt v. Hajjar*] (granting dismissal without prejudice to Plaintiffs seeking leave to amend). Indeed, prior to issuing her Order in *Hajjar*, Judge Nina Gershon expressly declined to apply collateral estoppel based on the *Subin* dismissal. *See Roosevelt Rd. Re, Ltd. v. Hajjar*, No. 24-CV-1549 (NG)(CHK), ECF No 182-1 (Transcript of 12/19/2025 Hearing) at 8:5-10.

> litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.
>
> Balancing these factors is a case-by-case determination, with the basic goal being to avoid prejudice.

*Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996) (quoting *Volmar Distribs., Inc.* v. *N.Y. Post Co.,* 152 F.R.D. 36, 39 (S.D.N.Y. 1993)).

It is within the sound discretion of a district court to enter a stay pending the outcome of independent proceedings that are likely to affect a case. *Trikona Advisors Ltd. v. Chuang*, No. 12-CV-3886, 2013 U.S. Dist. LEXIS 40382, at *6 (E.D.N.Y. Mar. 20, 2013); *see Bahl v. N.Y. Coll. of Osteopathic Med. of N.Y. Inst. of Tech.*, No. 14-CV-4020, 2018 U.S. Dist. LEXIS 171324, at *3 (E.D.N.Y. Sept. 28, 2018) ("Where claims arise from the same 'nucleus of facts' or there exists 'significant overlap,' . . . a stay is warranted.") (quotations omitted). Likewise, a district court properly exercises its power to grant a stay of proceedings when "a higher court is close to settling an important issue of law bearing on the action." *In re Literary Works in Elec. Databases Copyright Litig.*, No. 21 M 90, 2001 U.S. Dist. LEXIS 2047, at *3 (S.D.N.Y. Mar. 1, 2001) (citing *Marshel v. AFW Fabric Corp.*, 552 F.2d 471, 472 (2d Cir. 1977) (per curiam)); *see also Fried v. Lehman Bros. Real Estate Assocs. III, L.P.*, No. 11-CV-4141, 2012 U.S. Dist. LEXIS 10340, at *5 (S.D.N.Y. Jan. 25, 2012) ("There is significant overlap between this lawsuit and the lawsuit on appeal, both legally and factually, which is a solid ground upon which to issue a stay.").

As explained below, the interests of the litigants, the Court, interested parties, and the public weigh in favor of staying the proceedings pending outcome of the Second Circuit's decision in the *Subin* appeal.

**A.    A stay furthers the private interests of Plaintiffs by mitigating the extreme risk of prejudice.**

The first *Kappel* factor – "the private interests of the plaintiffs in proceeding expeditiously

5

with the civil litigation as balanced against the prejudice to the plaintiffs if delayed" weigh in favor of the Court granting Plaintiffs' motion to stay. *See Kappel*, 914 F. Supp. at 1058.

As explained above, Plaintiffs request this stay because there is significant overlap between the issues raised in the *Subin* appeal and the issues in this case raised by Defendants' respective motions to dismiss. In *Subin*, Judge Gonzalez ruled that amendment would have been futile because Plaintiffs' commercial positions rendered them unable to satisfy the direct relationship test required by RICO). Here, Defendants raise the same argument regarding RICO standing in their respective motions to dismiss. What's more, Defendants also argue that the *Subin* decision collaterally estops Plaintiffs from asserting their RICO claims in this lawsuit. Should the Second Circuit issue a *de novo* ruling on the merits of the *Subin* decision, it would clarify whether Plaintiffs have a legally plausible basis for bringing suit under RICO in this case and – depending on the specific nature of the ruling – potentially provide guidance regarding the application of collateral estoppel. Issuing a stay is therefore likely to streamline the issues in this case.

Likewise, the failure to stay these proceedings until the Second Circuit issues its decision in *Subin* would be highly prejudicial to Plaintiffs. Not only would continued litigation require additional extensive motion briefing, oral argument, and potential amendments to pleadings that will likely be rendered moot, Plaintiffs face the risk of being collaterally estopped from prosecuting their claims by a non-precedential decision[4] that Judge Gonzalez all but conceded was a matter of first impression. Moreover, as Defendants have advised the Court, Plaintiffs are currently prosecuting several RICO lawsuits against various law firms and medical providers. At present,

---

[4] "'A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.'" *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) (quoting 18 J. MOORE, *et al.*, MOORE'S FED. PRAC. § 134.02[1][d], p. 134-26 (3d ed. 2011)).

two district courts have already reached conflicting results regarding the application of collateral estoppel based on the *Subin* decision. *Compare Roosevelt v. Schwitzer*, No. 25-cv-3386 (BMC), 2026 U.S. Dist. LEXIS 33139 (E.D.N.Y. 2026) (granting dismissal with prejudice based solely on collateral estoppel), *with Roosevelt v. Hajjar*, No. 24-CV-1549 (NG)(CHK), 2026 U.S. Dist. LEXIS 50451 (E.D.N.Y. 2026) (declining to apply collateral estoppel and granting dismissal without prejudice to Plaintiffs seeking leave to amend). As a result, Plaintiffs have already been forced to litigate two separate appeals based on the same issues that Defendants assert in this matter – one involving RICO standing and the other involving collateral estoppel – even though the Second Circuit's decision in *Subin* could decide both.

In short, staying these proceedings would serve Plaintiffs' interest by preventing time-consuming and unnecessary duplicative litigation, and a refusal to do so would significantly add to the prejudice that Plaintiffs already face.

**B.      A stay would also serve Defendant's interests by avoiding unnecessary litigation and would not be unduly prejudicial.**

The second *Kappel* factor – "the private interests of and burden on the defendants" weigh in favor of the Court granting Plaintiffs' motion to stay. *See Kappel*, 914 F. Supp. at 1058. "[T]he fact delay will result from a stay does not, in and of itself, warrant denial of [Plaintiffs'] motion." *McCracken v. Verisma Sys.*, No. 6:14-cv-06248 (MAT), 2018 U.S. Dist. LEXIS 152008, at *7 (W.D.N.Y. Sep. 6, 2018) ("[M]ere delay, without more, does not necessitate a finding of undue prejudice and clear tactical disadvantage.") (quotations omitted).

As stated above, the *Subin* appeal has been fully briefed, is on the expedited docket, and oral argument already took place on May 19, 2026. And because the requested stay is limited to the Second Circuit's resolution of the *Subin* appeal (along with supplemental submissions regarding the Second Circuit's decision), the requested stay "is thus neither indefinite nor

7

immoderate." *See Estate of Heiser v. Deutsche Bank Tr. Co. Ams.*, No. 11-CV-1608 (AJN), 2012 U.S. Dist. LEXIS 150265, at *3 (S.D.N.Y. Oct. 17, 2012); *see also Wing Shing Prod. (BVI) Ltd. v. Simatelex Manufactory Co.*, No. 01-CV-1044 (RJH), 2005 U.S. Dist. LEXIS 6780, at *2 (S.D.N.Y. Apr. 19, 2005). What's more, a stay would also serve Defendant's interests by avoiding time-consuming, duplicative, and unnecessary litigation on the issue of RICO standing and collateral estoppel. *See Estate of Heiser*, 2012 U.S. Dist. LEXIS 150265, at *15.

In short, mere delay is not prejudicial, and "any burden borne by defendant as a result of this case being stayed is significantly outweighed by the strong public interest in avoiding time-consuming and unnecessary duplicative litigation." *See Trikona Advisors Ltd. v. Chuang*, 2013 U.S. Dist. LEXIS 40382, *2 (EDNY).

**C.      A stay furthers the interest of the courts and the public interest.**

The third and fifth *Kappel* factors – "the interests of the court" and the "public interest" – weigh in favor of the Court granting Plaintiffs' motion to stay. *Kappel*, 914 F. Supp. at 1058. A stay is proper "where a higher court is close to settling an issue of law bearing on the action." *LaSala v. Needham & Co., Inc.*, 399 F. Supp. 2d 421, 427 n.39 (S.D.N.Y. 2005); *see also Estate of Heiser*, 2012 U.S. Dist. LEXIS 96817, at *14 (granting motion to stay proceedings because Second Circuit will likely rule on legal issues potentially dispositive in the case); *Fogarazzo v. Lehman Bros., Inc.*, 263 F.R.D. 90, 95 (S.D.N.Y. 2009) (district court stayed matter pending outcome of Second Circuit decision on relevant legal issues); *Marshel v. AFW Fabric Corp.*, 552 F.2d 471, 472 (2d Cir. 1977) (staying district court proceedings pending decision by U.S. Supreme Court on dispositive issue). That is because a lower court's failure to grant a stay when a higher court might decide a dispositive legal issue could lead to unnecessary and time-consuming litigation, which is contrary to preserving judicial resources (i.e., judicial economy). *See, e.g., In re MPM Silicones, L.L.C.*, No. 15-cv-2280, 2017 U.S. Dist. LEXIS 162681, at *8 (S.D.N.Y. Oct. 2, 2017) ("In

8

recognition of the fact that the Second Circuit will likely be ruling on legal issues potentially dispositive in this case, it is in the best interest of this court to await the decision in the . . . [a]ppeal"). The promotion of judicial economy is also viewed as serving the public interest. *Sylvester v. Southern Cross, LLC*, No. 24-CV-1796, 2024 U.S. Dist. LEXIS 204533, at *4 (E.D.N.Y. Nov. 9, 2024) (internal quotation and citation omitted).

Here, the Second Circuit will likely rule on the issue of RICO standing, which, as stated *supra*, is likely a dispositive issue in this case. In any event, "[t]he Second Circuit's opinion in [*Subin*] certainly will provide clarification on key issues in this case, which weighs in favor of a stay." *See McCracken*, 2018 U.S. Dist. LEXIS 152008, at *11. A stay, therefore, is in the best interest of the court, the public, and the parties pending the outcome of the Second Circuit's decision by minimizing "the possibility of conflicts between different courts.'" *See Bahl*, 2018 U.S. Dist. LEXIS 171324, 2018, at *4 (citing *McCracken*, 2018 U.S. Dist. LEXIS 152008, at *4. A stay also promotes judicial economy and avoids litigation and the investment of court resources that may prove to be unnecessary in this litigation. *Id.* ("Expending further resources of the Court and parties on a difficult question of New York law that the Court of Appeals may imminently resolve would be wasteful"). Further, a stay is in the public interest because it assures the litigation proceeds in accordance with a correct application of the law depending on the decision by the Second Circuit. *See James v. Niagara-Wheatfield Cent. Sch. Dist.*, No. 21-CV-759, 2025 U.S. Dist. LEXIS 47181, at *6 (W.D.N.Y. Mar. 14, 2025). For these reasons, the third and fifth *Kappel* factors weigh in favor of staying the proceeding.

**D.     The interests of persons not parties to the civil litigation.**

Insurance fraud has been a prevalent, ongoing issue that is detrimental to the public interest; preventing fraud, such as the type of RICO scheme Plaintiffs allege here, is plainly in the public interest. *See Allstate Ins. Co. v. Mun*, 751 F.3d 94, 100 (2d Cir. 2014) (stating that "the prevention

of insurance fraud for the protection of consumers in New York" is an "important public policy interest" (internal quotation marks omitted)); *Perl v. Meher*, 2011 NY Slip Op 8452, 18 N.Y.3d 208, 214, 960 N.E.2d 424, 936 N.Y.S.2d 655 (2011) ("No-fault abuse still abounds today. In 2010, no-fault accounted for 53% of all fraud reports received by the Insurance Department."). Earlier this year, Governor Kathy Hochul reiterated the State of New York's public concern with ongoing insurance fraud and public interest in combating it. *See* Remarks, Governor Kathy Hochul, February 11, 2026, available at governor.ny.gov. The RICO statute itself embodies a clear "congressional objective of encouraging civil litigation not merely to compensate victims but also to turn them into private attorneys general, supplementing Government efforts by undertaking litigation in the public good." *Rotella v. Wood*, 528 U.S. 549, 551 (2000).

As discussed above, the *Subin* appeal involves a dispositive, fundamental decision that will clarify whether insurers possess RICO standing to combat insurance fraud. In doing so, the Second Circuit will almost certainly add additional clarity as to the scope and application of the direct-relationship test, which is of interest to all insurers evaluating the viability of combating insurance fraud via a comprehensive RICO lawsuit rather than filing multiple piecemeal common law fraud suits. Granting a stay so that the Second Circuit can issue this opinion will help promote clarity in the law that will aid other insurers to make sound, strategic, and informed decisions when litigating fraud on behalf themselves and the public good.

### IV.    Conclusion

For the foregoing reasons, all relevant factors weigh decisively in favor of a stay. The imminent Second Circuit decision in *Subin* will directly address the same dispositive issues presented here—Plaintiffs' RICO standing and the potential preclusive effect of the Subin dismissal—and will materially shape, if not resolve, the trajectory of this case. Proceeding in the

10

interim would risk inconsistent rulings, impose unnecessary burdens on the parties and the Court, and waste judicial resources. A limited stay pending the Second Circuit's ruling will promote efficiency, fairness, and uniformity in the application of the law. Accordingly, Plaintiffs respectfully request that the Court grant their motion to stay all proceedings until the Second Circuit issues its decision in the *Subin* appeal.

## **WORD COUNT CERTIFICATION**

Pursuant to Local Civil Rule 7.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, as supplemented by the Court's October 10, 2025, October 24, 2025, and November 3, 2025 Orders, the undersigned hereby certifies that the foregoing Memorandum of Law in Support of Motion to Stay Proceedings Pending Appeal is 11 pages and contains 3,415 words, excluding the caption, table of contents, table of authorities, signature block and required certificates, and the certification as to the foregoing relies upon the word count feature of the word-processing system used to prepare the document, Microsoft Word.

Dated: May 26, 2026

*/s/ William J. Clay*
**WILLIAM J. CLAY**

11